Dear Mr. Werner, Jr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Lafourche Parish Hospital Service District No. 1 d/b/a Lady of the Sea General Hospital (Hospital), you have asked for our opinion as to whether the Hospital may lease a healthcare facility (a dialysis facility) to a third party without application of either the public bid or lease law. Your request indicates that you believe La.Rev.Stat. 46:1074 allows for such a transaction.
La.Rev.Stat. 46:1074 provides, in pertinent part, the following:
 § 1074. Medical office buildings and facilities leases; disposition of immovable property
 A. In addition to the powers and duties otherwise provided and notwithstanding the provisions of R.S. 41:1211 et seq. or any other law to the contrary, a hospital service district commission and any health facility it owns or operates may acquire, construct, and maintain medical office buildings and facilities and may negotiate the lease of such medical office buildings and facilities or portions thereof provided the lease rental shall be sufficient to recoup over a period of twenty years the capital investment of such hospital service district commission or that of any health facility it owns or operates. Such contract of lease may provide for uniform, staggered, or indexed rental payments, but no balloon rental payments shall be allowed.
 B. (1) In addition to the powers otherwise provided and notwithstanding any other law to the contrary, a hospital service district commission, whether created under this Title or otherwise, and any health facility it owns or operates may sell and convey immovable property to any person *Page 2 
or legal entity if the fair market value of the property, as determined by an appraisal, does not exceed:
 (a) Two hundred fifty thousand dollars for a hospital service district commission owning or operating a hospital with a licensed bed capacity of one to fifty-nine beds.
 (b) Five hundred thousand dollars for a hospital service district commission owning or operating a hospital with a licensed bed capacity of sixty to one hundred twenty beds.
 (c) One million dollars for a hospital service district commission owning or operating a hospital with a licensed bed capacity of one hundred twenty-one beds to one hundred seventy-four beds.
 (d) Thirty percent of the total appraised value of a hospital service district's immovable assets for a hospital service district commission owning or operating a hospital with a licensed bed capacity of one hundred seventy-five beds or more.
 (2) Prior to the sale and conveyance authorized by Paragraph (1) of this Subsection, the hospital service district commission shall adopt a resolution declaring the immovable property sought to be sold and conveyed to be unnecessary for the operations of such hospital service district or any health facility it owns or operates.
 (3) Within six months prior to the sale and conveyance authorized by Paragraph (1) of this Subsection, the hospital service district commission shall obtain an appraisal of the immovable property to be sold or conveyed. The immovable property of the hospital service district or any health facility it owns or operates shall not be sold and conveyed for less than ninety percent of the appraised value.
 (4) Prior to the sale and conveyance authorized by Paragraph (1) of this Subsection, the hospital service district commission shall obtain the documented approval of the governmental authority charged with the appointment of the commissioners to the hospital service district if the appraised value of the immovable property to be sold and conveyed exceeds:
 (a) One hundred thousand dollars for a hospital service district commission owning or operating a hospital with a licensed bed capacity of one to fifty-nine beds. *Page 3 
 (b) Two hundred thousand dollars for a hospital service district commission owning or operating a hospital with a licensed bed capacity of sixty to one hundred twenty beds.
 (c) Three hundred thousand dollars for a hospital service district commission owning or operating a hospital with a licensed bed capacity of one hundred twenty-one beds or more.
 (5)(a) A sale and conveyance conducted under the provisions of this Subsection shall not require a public referendum or public advertisement.
 (b) A sale and conveyance conducted under the provisions of this Subsection shall not be subject to any public bid law.
 (c) Nothing in this Subsection shall prohibit or limit the sale and conveyance of immovable property owned by a hospital service district or any health facility it owns or operates pursuant to any other provision of law.
 (d) The provisions of this Subsection shall not apply to a hospital owned or operated by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
 C. The term "licensed bed capacity" as used in this Section means the number of beds authorized for the hospital under licensing by the Department of Health and Hospitals.
We addressed a similar question in Attorney General Opinion No. 05-0453. There, the East Ascension Hospital Service District requested our opinion regarding the possible lease of a District owned and operated Hospital to a private entity. We opined that subject to compliance with the provisions of La.R.S. 40:2115.11 et seq., relating to the review and approval of hospital acquisitions by the attorney general, the East Ascension Hospital Service District may enter into a Special Services Lease Agreement in a manner consistent with the purposes, objectives and services of the District and executed in accordance with the requirements of La.R.S. 46:1055 and 46:1074A, without the necessity of compliance with the Public Lease Law and without the necessity of a public referendum.
Here, you do not intend to lease the entire Hospital facility, only the dialysis facility. Accordingly, it our opinion that the Lafourche Parish Hospital Service District No. 1 d/b/a Lady of the Sea General Hospital may enter into the proposed lease in a manner consistent with the purposes, objectives and services of the Hospital and executed in *Page 4 
accordance with the requirements of La.R.S. 46:1074(A), without the necessity of compliance with the Public Lease Law or the Public Bid Law.
In accord are Attorney General Opinion No. 92-786 where we opined that the Louisiana Health Care Authority can lease office space under the authority of La.R.S. 46:1074 without compliance with the public lease law, and Attorney General Opinion No. 95-486 where we opined that the Catahoula Parish Hospital Service District No. 1 may lease its hospital without regard to the public lease law.
This office has previously stated that La.R.S. 46:1074 is special legislation which derogates from the general public leasing law and allows for privately negotiated leases by hospital service districts. Attorney General Opinions 92-821; 89-519(A). The Legislature has found, and statutorily noted in La.R.S. 46:1071, that hospital service districts are at a competitive disadvantage in the increasingly competitive health care market. Furthermore, provisions La.R.S. 46:1071 through 1076 are to be construed liberally in order to enhance the ability of a hospital service district to compete effectively and equally in the market for health care services. La.R.S. 46:1071. Consequently, hospital service districts may negotiate a lease of a medical office building or facility owned by them in accord with La.R.S. 46:1074 without necessity of compliance with the public lease law. Id.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt